## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **YETI Coolers, LLC,** | Case No. |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| **v.** | |
| **Benner China and Glassware of Florida, Inc.,** | (1) **TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| **Defendant.** | (2) **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| | (3) **TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);** |
| | (4) **TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;** |
| | (5) **COMMON LAW TRADE DRESS INFRINGEMENT;** |
| | (6) **COMMON LAW UNFAIR COMPETITION;** |
| | (7) **COMMON LAW MISAPPROPRIATION; AND** |
| | (8) **UNJUST ENRICHMENT.** |
| | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Benner China and Glassware of Florida, Inc. ("Benner China"), based on knowledge and on information and belief as appropriate, alleges as follows:

## The Parties

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5301 Southwest Parkway, Suite 200, Austin, TX 78735.

2.      Upon information and belief, Benner China and Glassware of Florida, Inc. is a corporation organized under the laws of the State of Florida with a principal place of business at 5329 Powers Ave., Jacksonville, FL, 32207, that does business under the names Odyssey Glassware and Branded Brewsky, including through the web sites www.odysseyfl.com and www.brandedbrewsky.com.

## Jurisdiction and Venue

3.      This is an action for trade dress infringement, unfair competition and false designation of origin, trade dress dilution, misappropriation, and unjust enrichment.  This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"), federal common law, the Texas Business & Commerce Code, and state common law, including the law of Texas.

4.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

5.      This Court has personal jurisdiction over Benner China because, *inter alia*, Benner China is doing business in the State of Texas, including in this District.  For example, and as discussed in more detail below, (i) Benner China's principal web sites (www.odysseyfl.com and www.brandedbrewsky.com) reach into Texas, including this District, on which Benner China has advertised, promoted, offered for sale, sold, and distributed, and continues to advertise, promote, offer for sale, sell, and distribute infringing products to customers and potential customers, (ii) Benner China's tortious acts giving rise to this lawsuit are occurring in the State of Texas, including in this District, and (iii) Benner China's customers and/or potential customers reside in the State of Texas, including in this District.

6.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

**General Allegations – YETI's Business and Intellectual Property**

7.     For many years, YETI has continuously engaged in the development, manufacture, and sale of premium, heavy-duty insulated drinkware.  YETI created unique, distinctive, and non-functional designs to use with YETI's insulated drinkware.  YETI has extensively and continuously promoted and used these designs for years in the United States and in Texas.  Through that extensive and continuous use, YETI's designs have become well-known indicators of the origin and quality of YETI's insulated drinkware products.  YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.  As discussed in more detail below, YETI owns trade dress rights relating to the source identifying features of its insulated drinkware designs.

8.     Specifically, YETI sells insulated drinkware products, the "YETI 30 oz. Rambler™ Tumbler" and the "YETI 20 oz. Rambler™ Tumbler," hereinafter referred to as "the Rambler™ Tumblers."  YETI has invested substantially in the design, development, manufacture, and marketing of the Rambler™ Tumblers.

9.     YETI has enjoyed significant sales of the Rambler™ Tumblers throughout the United States, including sales to customers in the state of Texas.  YETI has expended significant resources advertising and marketing the Rambler™ Tumblers.

10.    The Rambler™ Tumblers designs also have distinctive and non-functional features that identify to consumers that the origin of the Rambler™ Tumblers is YETI.  As a result of at least YETI's continuous and exclusive use of the Rambler™ Tumblers designs, YETI's marketing, advertising and sales of the Rambler™ Tumblers, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the designs and appearances of the Rambler™ Tumblers, which consumers have come to uniquely associate with YETI.

11.    Illustration 1 below shows an exemplary image of a YETI 30 oz. Rambler™ Tumbler sold by YETI.

| Illustration 1:  Exemplary Image of a YETI 30 oz. Rambler™ Tumbler. |
|---|
|  |

12.     YETI's trade dress rights in the design and appearance of the YETI 30 oz. Rambler™ Tumbler, include, but are not limited to, the visual flow of the YETI 30 oz. Rambler™ Tumbler; the curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the design, style, and appearance of these curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the visual connection and relationship between one or more of the curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; and the style, design, and appearance of one or more design aspects of the YETI 30 oz. Rambler™ Tumbler, including but not limited to the design and appearance of the walls of the tumbler, the design and appearance of the rim of the tumbler, the design, appearance, and placement of the taper in the side wall of the tumbler, the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the tumbler, alone and in combination, the design, appearance, and placement of the style line around the base of the tumble, the design, appearance, and placement of the tab on the lid of the tumbler, the design, appearance, and placement of the drinking opening on the lid of the tumbler,

the design, appearance, and placement of the top plane of the lid of the tumbler, the design, appearance, and placement of the side walls of the lid of the tumbler, and the color contrast and color combinations of the tumbler and the tumbler lid; including sub-combinations of these elements, and including the overall look and appearance of the tumbler and tumbler lid that YETI uses in connection with the YETI 30 oz. Rambler™ Tumbler.

13.     Illustration 2 below shows an exemplary image of a YETI 20 oz. Rambler™ Tumbler sold by YETI.

| Illustration 2:  Exemplary Image of a YETI 20 oz. Rambler™ Tumbler. |
| :---: |
|  |

14.     YETI's trade dress rights in the design and appearance of the YETI 20 oz. Rambler™ Tumbler, include, but are not limited to, the visual flow of the YETI 20 oz. Rambler™ Tumbler; the curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler; the design, style and appearance of these curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler; the visual connection and relationship between one or more of the curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler; and the style, design and appearance of one or more design aspects of the YETI 20 oz. Rambler™ Tumbler, including but not limited to the design and appearance of the walls of the tumbler, the design and appearance of the rim of the tumbler, the design, appearance, and placement of the taper in the side wall of the tumbler, the design, appearance, and placement of the style line around the base of the tumbler, the design,

appearance, and placement of the tab on the lid of the tumbler, the design, appearance, and placement of the drinking opening on the lid of the tumbler, the design, appearance, and placement of the top plane of the lid of the tumbler, the design, appearance, and placement of the side walls of the lid of the tumbler, and the color contrast and color combinations of the tumbler and the tumbler lid, including sub-combinations of these elements, and including the overall look and appearance of the tumbler and tumbler lid that YETI uses in connection with the YETI 20 oz. Rambler™ Tumbler.

15.     As a result of YETI's exclusive, continuous and substantial use, advertising, and sales of insulated drinkware products bearing YETI's trade dress, and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate them as source identifiers of YETI.

### General Allegations – Benner China's Unlawful Activities

16.     Benner China has purposefully advertised, promoted, offered for sale, sold, and distributed, and continues to advertise, promote, offer for sale, sell, and distribute tumblers that violate YETI's rights, including the rights protected by YETI's trade dress.  On information and belief, Benner China is also making such infringing product and/or importing such infringing product into the United States.  Benner China's infringing products are in the same sizes as YETI's own products, and they are confusingly similar imitations of YETI's own products. Benner China's actions have all been without the authorization of YETI.

17.     Illustrations 3 and 4 below show examples of Benner China's infringing products.

**Illustration 3:  Exemplary Image of Benner China's 30 oz. Infringing Products.**



**Illustration 4:  Exemplary Image of Benner China's 20 oz. Infringing Products.**

18.    Benner China's infringing products are in the same sizes as YETI's own products, and they are confusingly similar imitations of YETI's own products.  As a result of Benner China's activities related to the infringing products, there is a strong likelihood of confusion between Benner China and its products on the one hand, and YETI and its products on the other hand.

19.    YETI used its trade dress extensively and continuously before Benner China began advertising, promoting, selling, offering to sell, or distributing their infringing products.

Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States and in the State of Texas before Benner China commenced unlawful use of YETI's trade dress.

20.     As discussed above and as set forth in the counts below, Benner China's actions are unfair and unlawful.

**Count I:**
**Trade Dress Infringement Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

21.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 20 as though fully set forth herein.

22.     Benner China's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing YETI's trade dress.  Benner China's use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Benner China with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

23.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Benner China commenced its unlawful use of YETI's trade dress in connection with the infringing products.

24.     Benner China's use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate

8

remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.

25.    On information and belief, Benner China's use of YETI's trade dress has been intentional, willful, and malicious.  Benner China's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Benner China's continuing disregard for YETI's rights.

26.    YETI is entitled to injunctive relief, and YETI is entitled to recover at least Benner China's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count II:**
**Unfair Competition and False Designation of Origin Under § 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

27.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 26 as though fully set forth herein.

28.    Benner China's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because Benner China has obtained an unfair advantage as compared to YETI through Benner China's use of YETI's trade dress and because such uses are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

29.    YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial

secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Benner China commenced its unlawful use of YETI's trade dress in connection with the infringing products.

30.     Benner China's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.

31.     On information and belief, Benner China's use of YETI's trade dress has been intentional, willful, and malicious.  Benner China's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Benner China's continuing disregard for YETI's rights.

32.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Benner China's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count III:**
**Trade Dress Dilution Under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

33.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 32 as though fully set forth herein.

34.     Benner China's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

35.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's insulated drinkware products throughout the United States, and is widely recognized by the general consuming public

as a designation of the source of YETI and YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Benner China commenced its unlawful use of YETI's trade dress in connection with the infringing products.

36.     Benner China's use of YETI's trade dress is likely to cause, and has caused, dilution of YETI's famous trade dress, at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's insulated drinkware products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's insulated drinkware products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

37.     Benner China's use of YETI's trade dress has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.

38.     On information and belief, Benner China's use of YETI's trade dress has been intentional, willful, and malicious.  Benner China's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Benner China's continuing disregard for YETI's rights.

39.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Benner China's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count IV:**
**Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103**

40.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 39 as though fully set forth herein.

41.    Benner China's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 16.103 of the Texas Business & Commerce Code.

42.    YETI's trade dress is entitled to protection under Texas law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become famous and a well-known indicator of the origin and quality of YETI's insulated drinkware products in the United States and in the State of Texas, and YETI's trade dress is widely recognized by the public throughout Texas as a designation of the source of YETI and YETI's insulated drinkware products.  YETI's trade dress also acquired substantial secondary meaning in the marketplace, including in the State of Texas.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Benner China commenced its unlawful use of YETI's trade dress in connection with the infringing products.

43.    Benner China's use of YETI's trade dress and colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's insulated drinkware products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

44.    Benner China's use of YETI's trade dress, and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.

45.    On information and belief, Benner China's use of YETI's trade dress has been intentional, willful, and malicious.  Benner China's bad faith is evidenced at least by the

similarity of the infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Benner China's continuing disregard for YETI's rights.

46.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Benner China's profits, actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count V:**
**Common Law Trade Dress Infringement**

47.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 46 as though fully set forth herein.

48.     Benner China's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because Benner China's use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

49.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Benner China commenced its unlawful use of YETI's trade dress in connection with the infringing products.

50.     Benner China's use of YETI's trade dress, and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury

to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.

51.     On information and belief, Benner China's use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Benner China's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Benner China's continuing disregard for YETI's rights.

52.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Benner China's profits, punitive damages, costs, and reasonable attorney fees.

**Count VI:**
**Common Law Unfair Competition**

53.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 52 as though fully set forth herein.

54.     Benner China's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Benner China's goods, by simulating YETI's trade dress in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.  Benner China has also interfered with YETI's business.

55.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's

trade dress acquired this secondary meaning before Benner China commenced its unlawful use of YETI's trade dress in connection with the infringing products.

56.     Benner China's use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.

57.     On information and belief, Benner China's use of YETI's trade dress has been intentional, willful, and malicious.  Benner China's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Benner China's continuing disregard for YETI's rights.

58.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Benner China's profits, punitive damages, costs, and reasonable attorney fees.

**Count VII:**
**Common Law Misappropriation**

59.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 58 as though fully set forth herein.

60.     Benner China's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law misappropriation.

61.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  Benner China has wrongfully used YETI's trade dress, and/or colorable imitations thereof in competition with YETI and gained a special advantage because Benner China was not burdened with the expenses incurred by YETI.  Benner China has commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

62.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Benner China commenced its unlawful use of YETI's trade dress in connection with the infringing products.

63.     Benner China's use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.  Moreover, as a result of its misappropriation, Benner China has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress with YETI and YETI's tumbler products.

64.     Benner China's misappropriation of YETI's trade dress has been intentional, willful, and malicious.  Benner China's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Benner China's continuing disregard for YETI's rights.

65.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Benner China's profits, punitive damages, costs, and reasonable attorney fees.

## Count VIII:
## Unjust Enrichment

66.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 65 as though fully set forth herein.

67.     Benner China's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute unjust enrichment, at least because Benner China has wrongfully obtained benefits at YETI's expense. Benner China has also, *inter alia*, operated with an undue advantage.

68.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  Benner China has wrongfully used and is wrongfully using YETI's trade dress, and/or colorable imitations thereof, in competition with YETI, and has gained and is gaining a wrongful benefit by undue advantage through such use.  Benner China has not been burdened with the expenses incurred by YETI, yet Benner China is obtaining the resulting benefits for its own business and products.

69.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Benner China commenced its unlawful use of YETI's trade dress and colorable imitations thereof in connection with the infringing products.

70.     Benner China's use of YETI's trade dress, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.  YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.  Benner China has wrongfully obtained and is wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

17

71.     Benner China's unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Benner China's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Benner China's continuing disregard for YETI's rights.

72.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Benner China's profits.

## Demand for Jury Trial

73.     YETI hereby demands a jury trial on all issues so triable.

## Relief Sought

WHEREFORE, Plaintiff respectfully prays for:

1.     Judgment that Benner China has (i) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (ii) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (iii) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (iv) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (v) violated YETI's common law rights in YETI's trade dress; (vi) engaged in common law unfair competition; (vii) engaged in common law misappropriation; and (viii) been unjustly enriched at YETI's expense, and that all of these wrongful activities by Benner China were willful;

2.     An injunction against further infringement and dilution of YETI's trade dress, further acts of unfair competition, misappropriation, and unjust enrichment by Benner China, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress, pursuant to at least 15 U.S.C. § 1116 and Tex. Bus. & Com. Code § 16.104;

3.      An Order directing Benner China to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.      An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress in Benner China's possession or control, (iii) all plates, molds, and other means of making the infringing products in Benner China's possession, custody, or control, and (iv) all advertising materials related to the infringing products in Benner China's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.      An Order directing Benner China to publish a public notice providing proper attribution of YETI's trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

6.      An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.      An award of Benner China's profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 11125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

9.      Such other and further relief as this Court deems just and proper.

Dated:  February 16, 2016    Respectfully submitted,

        By: */s/ Joseph Gray*_____
        Joseph Gray
        Texas Bar No. 24045970
        joseph.gray@bakerbotts.com
        Baker Botts L.L.P.
        98 San Jacinto Blvd., Suite 1500
        Austin, Texas 78701
        Telephone: (512) 322-2639
        Facsimile: (512) 322-8385

        Joseph J. Berghammer (*pro hac vice forthcoming*)
        Illinois Bar No. 6273690
        jberghammer@bannerwitcoff.com
        J. Pieter van Es (*pro hac vice forthcoming*)
        Illinois Bar No. 6210313
        pvanes@bannerwitcoff.com
        Louis DiSanto (*pro hac vice forthcoming*)
        Illinois Bar No. 6286044
        ldisanto@bannerwitcoff.com
        Sean J. Jungels (*pro hac vice forthcoming*)
        Illinois Bar No. 6303636
        sjungels@bannerwitcoff.com
        Banner & Witcoff, Ltd.
        Ten South Wacker Drive
        Suite 3000
        Chicago, IL 60606-7407
        Telephone: (312) 463-5000
        Facsimile: (312) 463-5001

        **ATTORNEYS FOR YETI COOLERS, LLC**